Filed 11/21/22 P. v. Banuelos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094509 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F05444) |
| v. | |
| RUBEN ANTONIO BANUELOS, | |
| Defendant and Appellant. | |

Defendant Ruben Antonio Banuelos was sentenced to 51 years to life for shooting and killing S.P. After defendant had served about 20 years of his sentence, the California Department of Corrections and Rehabilitation (CDCR) recommended the trial court recall and resentence defendant "based upon his exceptional conduct while incarcerated." The trial court denied the CDCR's recommendation and this appeal followed.

While defendant's appeal was pending, the Governor signed into law Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719) (Assem. Bill 1540), which

1

clarified the required procedures the trial court must implement when the CDCR recommends a defendant is suitable for recall and resentencing. Defendant now argues that the benefits of Assem. Bill 1540 and other recent legislation apply to him retroactively and entitle him to resentencing. The People concede defendant is entitled to reconsideration of the CDCR's recommendation, but do not concede defendant is entitled to resentencing. We accept the People's concession and reverse to allow the trial court to reconsider the CDCR's recommendation, but we decline to reach defendant's request for resentencing.

### FACTS AND HISTORY OF THE PROCEEDINGS

In 1997, defendant shot and killed S.P. outside of a billiards room because he thought S.P. was "hitting on" his girlfriend. In 1998, a jury found defendant guilty of second degree murder with a firearm (Pen. Code, §§ 187, 667, subd. (e)(1)) (undesignated statutory references are to the Penal Code) and being a felon in possession of a firearm (§ 12021, subd. (a)). The trial court sustained a firearm enhancement (§ 12022, subd. (a)) and a prior felony conviction enhancement (§ 667, subd. (a)), and sentenced defendant to 30 years to life for the murder conviction, 15 years for the prior felony conviction and firearm enhancements, and six years for being a felon in possession of a firearm.

The CDCR filed a letter with the trial court on September 8, 2020, which recommended the court recall defendant's 1998 sentence and resentence him under former section 1170, subdivision (d)(1). In its recommendation, the CDCR recounted defendant's positive participation in rehabilitative programming; lack of serious disciplinary history in the preceding six years; 45 laudatory achievements and programming accomplishments, noteworthy educational performance; and positive impact with youth offenders.

In response to the CDCR's recommendation, the court gave notice to defendant, appointed counsel, permitted briefing from the parties, and heard argument. The trial court considered defendant's criminal history, which included convictions pursuant to a guilty plea to being a felon in possession of a firearm (§ 12021, subd. (a)) and driving under the influence causing injury/death (Veh. Code, § 23153, subd. (a)). Defendant had committed both of these offenses while on probation.

In rejecting the CDCR's recommendation, the court explained that though defendant demonstrated extensive growth while in custody, he exhibited a "bad" criminal history that did "not tip the scales enough under [the] totality of [the] circumstances." Consequently, the trial court decided that recalling defendant's sentence would not be in the interest of justice.

## DISCUSSION

Defendant contends we should remand for reconsideration of the CDCR's request because he is entitled to recall and resentencing pursuant to the recently enacted provisions of Assem. Bill 1540 codified within new section 1170.03 (Stats. 2021, ch. 719, §§ 1-7). The parties dispute whether this legislation applies retroactively, but in the interest of judicial economy, the People ultimately concede defendant is entitled to reconsideration of the CDCR's recommendation because either we will find error and remand to the trial court, or the CDCR will issue a second recommendation. Defendant also argues that our court should remand with directions to grant the CDCR's recommendation to recall his sentence, and upon resentencing, have the trial court also consider newly-enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) pursuant to *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*). The People dispute whether *Padilla* applies to Assem. Bill 1540 and assert defendant "is not automatically entitled to resentencing." We decline to reach this argument as ruling on it would be premature in light of the posture of the case. Thus, reaching only defendant's argument regarding the new

3

requirements within section 1170.03, we reverse and remand to allow the trial court to reconsider CDCR's recommendation.

Former section 1170, subdivision (d)(1) permitted a trial court, at any time upon the recommendation of the CDCR, to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, . . . provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).) Following the trial court's decision, former section 1170, subdivision (d) was recodified as section 1170.03, subdivision (a)(1). (Stats 2021, ch. 719, §§ 1-7.) Pursuant to section 1170.03, which as of June 30, 2022, section 1170.03 was recodified without substantive change as section 1172.1 (Stats. 2022, ch. 58, § 9), a trial court may reduce a defendant's term of imprisonment by modifying the sentence in the interest of justice, and must provide notice, appointment of counsel, a hearing, and a statement of reasons for the ruling on the record. (§ 1172.1, subds. (a)(6) & (b)(1), added by Stats. 2021, ch. 719, § 3.1.) Additionally, and as relevant here, where the recall and resentencing recommendation is made by the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2), added by Stats. 2021, ch. 719, § 3.1, subd. (b)(2).)

Assem. Bill 1540 was intended to "make clarifying changes" to former section 1170, subdivision (d)(1), and to specify the required procedures for when the CDCR recommends recall and resentencing. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041 (*McMurray*).) And, because Assem. Bill 1540 was passed in part to clarify legislative intent, it is properly considered in interpreting former section 1170, subdivision (d). (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922.) Thus, because the trial court's denial of the CDCR's recommendation predated enactment of Assem. Bill 1540, the clarification of the law applies here.

4

Although the trial court here complied with many of the new requirements in the recall and resentencing process, we cannot determine whether the court applied the presumption in favor of granting the recommendation of the CDCR to recall defendant's sentence, nor can we conclude whether the trial court determined defendant presented an unreasonable risk of danger to public safety as defined in subdivision (c) of section 1170.18. (§ 1172.1, subd. (b)(2).) Above, we noted that the parties agree remand for reconsideration of the CDCR's recommendation is the appropriate remedy. We reach the same conclusion. Additionally, as the People suggest, judicial economy warrants reversal and remand because the CDCR could submit a second recommendation which would be subject to review under new law and would render any decision made here under the old law wasteful.

While the parties disagree on retroactivity pursuant to *In re Estrada* (1965) 63 Cal.2d 740, we need not decide that dispute since the parties agreed to remand. Similarly, we need not determine whether our Supreme Court's rationale in *Padilla* applies because we do not resolve retroactivity here, nor are we inclined to rule on the *Padilla* issue prematurely as the trial court may still conclude defendant is a danger to public safety on remand and deny recall.

Because we consider Assem. Bill 1540 a clarification in the law, we reverse and remand the trial court's order declining the recommendation of the CDCR to recall defendant's sentence. (*McMurray*, *supra*, 76 Cal.App.5th at pp. 1041-1042.)

5

## DISPOSITION

The order declining to recall and resentence defendant is reversed. The matter is remanded for reconsideration of CDCR's recommendation to recall and resentence defendant in accordance with section 1172.1 as added by Assem. Bill 1540.

_____

HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

EARL, J.

6